| | |
|---|---|
| **WO** | RP |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Edward Charles Johnson, | ) | No. CV 08-1097-PHX-MHM (GEE) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Schriro, et al., | ) | |
| Defendants. | ) | |

Plaintiff Edward Charles Johnson, who is confined in the Arizona State Prison Complex-Lewis (ASPC-Lewis), has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1), an Application to Proceed *In Forma Pauperis* (Doc. #3), and "Plaintiff's Motion to Voluntarily Dismiss above case and Refile upon this Motion" (Doc. #4).

The Court will grant the Application to Proceed *In Forma Pauperis*, deny the Motion as moot, require Defendant Ball to answer Count II of the Complaint, and dismiss the remaining counts and Defendants for failure to state a claim upon which relief may be granted.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's

income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III.    Complaint

Named as Defendants in the Complaint are: (1) Schriro; (2) Cole, Parole Supervisor-Parole Supervisor of Parole Officers, Arizona Department of Corrections (ADOC)-Community Supervision Northwest Parole Office; (3) Young, Plaintiff's Assigned Parole Officer, ADOC-Community Supervision Northwest Parole Office; (4) Byble, Senior Parole Officer-Supervisor, ADOC-Community Supervision Northwest Parole Office; (5) Oliveri, Parole Officer, ADOC-Community Supervision Northwest Parole Office; (6) Manher, Parole Officer, ADOC-Community Supervision; (7) Singer, Parole Officers' Secretary, ADOC-Community Supervision; (8) Ginter, Parole Officer, ADOC-Community Supervision Northwest Parole Office; (9) Infante, Parole Officer, ADOC-Community Supervision Northwest Parole Office; (10) Dunes, Parole Officer, ADOC-Community Supervision Northwest Parole Office; (11) Benedict, Parole Officer, ADOC-Community Supervision Northwest Parole Office; (12) Goins, Corrections Officer (CO) III, Counselor, Stiner Unit, ASPC-Lewis; (13) Scotts, CO IV, Supervisor, Stiner Unit, ASPC-Lewis; (14) Roberts, CO IV, Supervisor, Stiner Unit, ASPC-Lewis; (15) Qualls, Sergeant (Sgt.), Supervisor, Stiner Unit, ASPC-Lewis; (16) Lopez, Sgt., Supervisor, Stiner Unit, ASPC-Lewis; (17) Matson, Deputy Warden; (18) Baldman, CO III, Counselor, Barchman Unit, ASPC-Lewis; (19) Jane Doe, ADOC Parole Revocation ADOC Representative or ADOC Fugitive Unit; (20) Ball,

CO IV, Barchey Unit, ASPC-Lewis; (21) Martin, CO III, Barchey Unit, ASPC-Lewis; and (22) Golder, CO III, Barchey Unit, ASPC-Lewis.

Plaintiff alleges four counts in the Complaint and seeks a jury trial and compensatory and punitive monetary damages.

**IV.   Discussion**

    **A.   Count I**

In Count I, Plaintiff claims that his Eighth Amendment rights were violated when all 22 Defendants retaliated against him in one way or another over the course of 9 months. Plaintiff alleges that he was released to community supervision on parole on August 17, 2007, after serving 10 years of a 12-year sentence and that various parole officer Defendants retaliated against him by, among other things, falsely alleging that he had assaulted a family member and threatened a parole officer, by creating a fabricated parole violation warrant against him, by failing to follow proper ADOC policies and procedures to protect Plaintiff's "Due Process" in his transfer back to ADOC custody, and by returning him to the custody of ADOC without allowing him to be heard by the Arizona State Executive Clemency Board. Plaintiff further alleges that various ADOC officials and officer Defendants retaliated against him in order to delay his request for a parole revocation hearing by hindering the service of the parole violation warrant on him and also retaliated against him by moving him from unit to unit, by hindering his grievances, and by placing him in a "Receipt Tank" for several days.

"A prisoner suing prison officials under section 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994). Thus, to succeed on the merits of a retaliation claim, a prisoner must demonstrate that he was retaliated against for exercising his constitutional rights, and he must also demonstrate that the retaliatory action does not advance a legitimate penological goal, or is not narrowly tailored to achieve that goal. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

Plaintiff has not alleged in Count I that any of the Defendants retaliated against him

1 for exercising a particular constitutional right.  Moreover, even if the Court were to infer 2 such an allegation from some of the reasons Plaintiff gives for the retaliation, Plaintiff has 3 clearly failed to allege that the retaliatory action did not advance a legitimate penological 4 goal, or was not narrowly tailored to achieve that goal.

5 Also, Plaintiff is foreclosed at this time by the case of Heck v. Humphrey, 512 U.S. 6 477 (1994), from bringing his damage claims under 42 U.S.C. § 1983 against the parole 7 officer Defendants for falsely alleging that he had assaulted a family member and threatened 8 a parole officer and for subsequently creating a fabricated parole violation warrant against 9 him and having him returned to ADOC custody as a parole violator.  Heck holds that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

15 Heck, 512 U.S. at 486.

16 Therefore, under Heck, Plaintiff's claims in Count I against the parole officer 17 Defendants for allegedly retaliatory actions that ultimately led to his parole revocation are 18 barred by Heck unless and until Plaintiff successfully challenges the parole revocation 19 decision.  See Butterfield v. Bail, 120 F.3d 1023, 1024 n.1 (9th Cir. 1997) (citing cases in 20 parole context).

21 Accordingly, for the above reasons, Count I will be dismissed for failure to state a 22 claim for relief upon which relief may be granted.

23 **B.   Count II**

24 In Count II, Plaintiff claims that his Eighth Amendment rights were violated when 25 Defendant Ball displayed malice in attempting to endanger the Plaintiff's personal safety by 26 forcing Plaintiff to enter ADOC Inmate Protective Custody in response to Plaintiff's 27 grievance remarks.  Plaintiff further claims that Defendant Ball knew that Plaintiff's personal 28 safety would be in danger if he entered ADOC Protective Custody, "even his life."  Plaintiff

**TERMPSREF**

- 4 -

1  also claims that Defendant Ball displayed malice in attempting to endanger Plaintiff's personal safety and well-being when she failed to take action to halt a threat to Plaintiff for several weeks after CO II Jackson informed her and Plaintiff in writing that a Defendant intended to place Plaintiff's life in danger for his grievance complaint.

Liberally construed, Plaintiff has stated a claim against Defendant Ball in Count II. Accordingly, the Court will require Defendant Ball to answer Count II of the Complaint.

Plaintiff also claims in Count II that his Eighth Amendment rights were violated when Defendant Martin displayed malice in attempting to endanger the Plaintiff's personal safety when he ordered another ADOC inmate to escort Plaintiff out of his office "thus directing ADOC inmate to use physical force to do so" and when Defendants Goins, "Bald[man]," Golder, Matson, and "named defendants" maliciously intended to endanger the safety of Plaintiff as "mentioned in Complaint Count I."

A prison official violates the Eighth Amendment in failing to protect an inmate only when two conditions are met. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious;" the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. Id. In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837 (emphasis added).

Although pro se pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266 (9th Cir. 1982); Rhodes v. Robinson, 612 F.2d 766, 772 (3d Cir. 1979). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Ivey, 673 F.2d at 268.

1  Plaintiff's allegation in Count II that Defendant Martin ordered another inmate to escort Plaintiff out of his office is not enough to state a claim under the Eighth Amendment. Alleging that Defendant Martin was "thus directing ADOC inmate to use physical force to do so" is both conclusory and vague. Plaintiff does not allege that Defendant Martin directed the ADOC inmate to harm Plaintiff or that Defendant Martin knew that he was subjecting Plaintiff to a serious risk of harm by directing the ADOC inmate to escort Plaintiff out of his office. Plaintiff also does not allege that the ADOC inmate did in fact harm Plaintiff.

Plaintiff's allegations in Count II against Defendants Goins, "Bald[man]," Golder, Matson, and "named defendants" are extremely conclusory and vague. It is not the role of the Court to search Count I, which consists of 14 pages of handwritten allegations and no less than 136 paragraphs, to try to discern what Plaintiff's Count II claims against these Defendants might be.

Accordingly, Plaintiff's claims in Count II against Defendants Martin, Goins, "Bald[man]," Golder, Matson, and "named defendants" will be dismissed for failure to state a claim upon which relief may be granted.

### C.  Count III

In Count III, Plaintiff claims that his Fourteenth Amendment rights were violated when "Defendants of the Arizona Community Supervision Northwest Parole Office" violated his "Due Process" by failing to comply with ADOC Department Orders (DO) dealing with the return of "release violators" to ADOC facilities. Plaintiff alleges in relevant part that DO 1004.02 § 1.5 provides that "on next work day after being notified that a violator has been returned" to ADOC custody, the "Assistant Director for Community Corrections or designee" shall "[e]nsure that due process issues have been initiated on all offenders who have been returned to custody for violating their Conditions of Supervision" and "[c]oordinate serving the Warrant of Arrest." However, Plaintiff has not identified any of the named Defendants as the "Assistant Director of Community Corrections or designee." Also, "a prison official's failure to follow the prison's own policies, procedures or regulations doe not constitute a violation of due process." Stanley v. Foster, 464 F.3d 565,

1  569 (5th Cir. 2006) (quoting Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996)).

2        Plaintiff also claims in Count III that "Defendants" knowingly, deliberately, and
3  maliciously violated his "Due Process" and "maliciously alleged" on January 4, 2008, that
4  Plaintiff had refused to "sign warrant" and on April 2, 2008, deliberately attempted to cause
5  Plaintiff "further suffering" by lying on the record to the Arizona State Executive Clemency
6  Probation Board. Plaintiff's allegations are conclusory and vague. Plaintiff does not identify
7  a specific Defendant or Defendants, does not explain how his "Due Process" was
8  "maliciously violated," and does not explain the substance of the alleged lie to the Arizona
9  State Executive Clemency Probation Board.

10        Accordingly, for the above reasons, Count III will be dismissed for failure to state a
11  claim upon which relief may be granted.

12      **D.**    **Count IV**

13        In Count IV, Plaintiff claims that his Eighth Amendment rights were violated when
14  unidentified Defendants "abused their authority" by failing to act "professionally" and
15  responsibly "in taking actions" to halt the "retaliation, threats, hindering and violation of
16  Plaintiff's 'Due Process' rights;" by intending to "humiliate Plaintiff and cause him . . .
17  mental[] distress, and personal harm to his safety and well-being;" by failing to "take actions
18  to halt the abuse of Inmate Staff Grievances against Defendants to allow the Plaintiff to
19  exhaust all ADOC internal remedies for relief;" and by failing to take "immediate actions to
20  the Plaintiff's staff, legal mail, and 'Due Process' complaints." Plaintiff also claims that
21  Defendant Schriro failed to "take immediate actions to halt the retaliation of Defendants and
22  violation of Plaintiff's 'Due Process' and access to the court by withholding the Plaintiff's
23  incoming legal mail beyond his court deadlines causing him not to be able to comply with
24  court order (Rules) in service on Defendants members of ADOC."

25        Again, Plaintiff's allegations in Count IV are very conclusory and vague. The only
26  Defendant that Plaintiff identifies is Defendant Schriro and Plaintiff gives no details of why
27  she should have taken "immediate action," how she would have known about the retaliation
28  and withholding of incoming legal mail that she should have taken action against, and how

her failure to act constituted deliberate indifference. Accordingly, Count IV will be dismissed for failure to state a claim upon which relief may be granted.

**V.     Dismissal of Defendants**

Because no claims now remain against them, Defendants Schriro, Cole, Young, Byble, Oliveri, Manher, Singer, Ginter, Infante, Dunes, Benedict, Goins, Scotts, Roberts, Qualls, Lopez, Matson, Baldman, Jane Doe, Martin, and Golder will be dismissed from this action for failure to state a claim upon which relief may be granted.

**VI.    Motion to Voluntarily Dismiss and Refile**

On June 11, 2008, Plaintiff filed "Plaintiff's Motion to Voluntary Dismiss above case and Refile upon this Motion" (Doc. #4), in which Plaintiff seeks to voluntarily dismiss his previous case, CV 07-115-PHX-PHX-MHM (GEE), and refile the Complaint. Because CV 07-115-PHX-MHM (GEE) was dismissed on May 7, 2007 pursuant to a motion by Plaintiff, and because the Complaint (Doc. #1) has been refiled in the instant case, the Court will deny Plaintiff's Motion as moot.

**VII.   Warnings**

    **A.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **B.     Copies**

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **C.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these

warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) "Plaintiff's Motion to Voluntary Dismiss above case and Refile upon this Motion" (Doc. #4) is **denied as moot**.

(4) Counts I, III, and IV of the Complaint (Doc. #1) are **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

(5) Defendants Schriro, Cole, Young, Byble, Oliveri, Manher, Singer, Ginter, Infante, Dunes, Benedict, Goins, Scotts, Roberts, Qualls, Lopez, Matson, Baldman, Jane Doe, Martin, and Golder are **dismissed from this action** for failure to state a claim upon which relief may be granted.

(6) Defendant Ball **must answer** Count II of the Complaint.

(7) The Clerk of Court **must send** Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendant Ball.

(8) Plaintiff **must complete and return** the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(9) **If** Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant Ball within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action **may be dismissed**. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(10) The United States Marshal **must retain** the Summons, a copy of the Complaint (Doc. #1), and a copy of this Order for future use.

(11) The United States Marshal **must notify** Defendant Ball of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) **personally serve** copies of the Summons, Complaint, and this Order upon Defendant Ball pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, **file** the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(12) **If Defendant agrees to waive service of the Summons and Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(13) Defendant **must answer** Count II of the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

//
//
//
//

(14)    This matter is **referred** to Magistrate Judge Glenda E. Edmonds pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 25th day of August, 2008.

_____
Mary H. Murguia
United States District Judge